UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WAYNE L. ALLEN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 23-CV-0064-CVE-JFJ |
| | ) |
| DAVID ROGERS, Warden,[1] | ) |
| | ) |
| Respondent. | ) |

**OPINION AND ORDER**

Petitioner Wayne L. Allen, a self-represented Oklahoma prisoner,[2] petitions for a writ of habeas corpus, under 28 U.S.C. § 2254, claiming that he is unlawfully detained under the judgment entered against him in the District Court of Tulsa County, Case No. CF-2018-3994. Dkt. # 1, at 1.[3] Respondent moves to dismiss the petition, asserting that Allen did not file the petition within 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations. Respondent asserts, in the alternative, that the petition should be dismissed because Allen did not exhaust available state remedies as to all claims, as required by 28 U.S.C. § 2254(b)(1)(A). Allen did not respond to the motion to dismiss and the time to do so has expired. Having considered the petition (Dkt. # 1), the motion to dismiss and brief in support (Dkt. ## 11, 12), the record of state court proceedings, and

---

[1] Allen is incarcerated at the Joseph Harp Correctional Center ("JHCC"). The Court therefore substitutes the JHCC's current warden, David Rogers, in place of the JHCC's former warden, Luke Pettigrew, as party respondent. FED. R. CIV. P. 25(d); Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts. The Clerk of Court shall note on the record this substitution.

[2] Because Allen appears without counsel, the Court liberally construes the petition, but the Court does so without crafting arguments for him. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

[3] The Court's citations refer to the CM/ECF header pagination.

applicable law, the Court finds that the petition is untimely, concludes that the motion to dismiss shall be granted, and dismisses the petition as barred by the statute of limitations.[4]

### I.

The Antiterrorism and Effective Death Penalty Act (AEDPA) establishes a one-year statute of limitations for state prisoners seeking federal habeas review of a state-court judgment under 28 U.S.C. § 2254. The limitations period "run[s] from the latest of" one of four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Section 2244(d)(1)(A) provides the most common triggering event for the one-year limitations period, and a habeas petitioner bears some burden to show that a different subsection applies. See Preston v. Gibson, 234 F.3d 1118, 1120 (10th Cir. 2000) (noting that "[t]he limitations period generally runs from the date on which the state judgment became final after direct appeal" as provided in § 2244(d)(1)(A)); Chavez v. Workman, No. 05-CV-0554-HDC-PJC, 2006 WL 2251718, at *3 (N.D. Okla. Aug. 4, 2006) (unpublished)[5] (reasoning that a habeas

---

[4] Because the Court concludes that the statute of limitations bars relief, the Court declines to consider respondent's alternative request to dismiss the petition for failure to exhaust available state remedies.

[5] The Court cites all unpublished decisions herein as persuasive authority. FED. R. APP. P. 32.1(a); 10th Cir. R. 32.1(A).

2

petitioner bears some burden to show that the one-year limitations period commenced at some date other than the date his or her judgment became final).

Regardless of which event triggers the commencement of the limitations period, that period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). In certain circumstances, federal courts also may toll the limitations period for equitable reasons. Holland v. Florida, 560 U.S. 631, 645 (2010).

## II.

Respondent contends (1) that the petition is untimely under § 2244(d)(1)(A); (2) that Allen has not shown that any other provision of § 2244(d)(1) provides a later commencing limitations period; and (3) that Allen has not demonstrated any facts or circumstances that would support equitable tolling of the limitations period. Dkt. # 12, at 3-9. For the reasons discussed below, the Court agrees.

## A.

First, the petition is not timely under § 2244(d)(1)(A). Under that subsection, the one-year period begins to run on the date that the challenged state-court judgment becomes final. "For petitioners who pursue direct review all the way to [the United States Supreme] Court, the judgment becomes final at the 'conclusion of direct review'—when [the Supreme] Court affirms a conviction on the merits or denies a petition for certiorari." Gonzalez v. Thaler, 565 U.S. 134, 150 (2012). "For all other petitioners, the judgment becomes final at the 'expiration of the time for seeking such review'—when the time for pursuing direct review in [the Supreme] Court, or in state court, expires." Id. Allen filed a direct appeal in the Oklahoma Court of Criminal Appeals (OCCA), and the OCCA affirmed his judgment on December 3, 2020. Dkt. # 1, at 2; Dkt. # 12-3.

Allen did not seek further direct review by filing a petition for writ of certiorari in the United States Supreme Court. Dkt. # 1, at 3. Thus, his judgment became final on May 3, 2021, when the time expired to seek further direct review. Gonzalez, 565 U.S. at 150; Sup. Ct. R. 13.1 (providing 90-day period to file petition for writ of certiorari); Wonsch v. Crow, No. 22-6040, 2022 WL 17337880, at *2 (10th Cir. Nov. 30, 2022) (unpublished) (discussing Supreme Court's temporary adoption of 150-day period for filing a petition for writ of certiorari that was in effect between March 19, 2020, and July 19, 2021). Allen's one-year period, under § 2244(d)(1)(A), commenced the next day, May 4, 2021, and, absent any tolling, expired on May 4, 2022. Harris v. Dinwiddie, 642 F.3d 902, 906 n.6 (10th Cir. 2011). Allen cannot benefit from statutory tolling because he did not file any applications for postconviction relief or other collateral review in state court during this one-year period. Dkt. # 12, at 5; Dkt. # 12-1, at 18. See 28 U.S.C. § 2244(d)(2) (providing that the limitations period is suspended for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" in state court); Clark v. Oklahoma, 468 F.3d 711, 714 (10th Cir. 2006) (explaining that an application for postconviction relief or other collateral review must be filed in state court within

the applicable one-year limitations period to obtain statutory tolling).[6] The Court therefore finds that the petition, filed February 16, 2023, is untimely under § 2244(d)(1)(A).

**B.**

Second, Allen has not shown that any other provision of § 2244(d)(1) provides him a later commencing limitations period. In the portion of the petition that discusses § 2244(d)(1)'s statute of limitations and asks Allen to explain why his petition is timely if it was filed more than one year after his conviction became final, Allen states: "newly discovered evidence." Dkt. # 1, at 13. Respondent liberally construes Allen's statement as attempting to argue that his one-year limitations period is governed by § 2244(d)(1)(D). That subsection provides that the one-year limitations period commences on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Allen presents four claims in the petition: (1) his judgment is "void" because Allen was deprived of his right to be prosecuted on a grand jury indictment; (2) he was deprived of a fair trial because the prosecutor committed intentional and reversible misconduct; (3) he was deprived of a fair trial because the trial court erroneously admitted prejudicial evidence of other crimes or bad acts; and (4) he was deprived of the effective assistance of counsel because his trial attorney did not "advise him of his federal rights." Dkt. # 1, at 5-10. As respondent contends, Allen raised these same four claims in the habeas petition that he filed in the United States District

---

[6] Allen filed a petition for writ of habeas corpus, under 28 U.S.C. § 2241, in the United States District Court for the Western District of Oklahoma on April 26, 2021, before his one-year limitations period under § 2244(d)(1)(A) commenced. Dkt. # 12-5. And that petition was pending in federal court during a portion of that one-year period as it was not dismissed until November 23, 2021. Dkt. # 12-9. But, as respondent contends, "the filing of a petition for habeas corpus in federal court does not toll the statute of limitations" under § 2244(d)(2). Dkt. # 12, at 5 (quoting Rhines v. Weber, 544 U.S. 269, 274 (2005)). So, Allen cannot rely on the filing of the prior petition to obtain statutory tolling.

5

Court for the Western District of Oklahoma on April 26, 2021.  Compare Dkt. # 1, with Dkt. # 12-5.  And Allen raised at least two of these claims on direct appeal through the brief he filed in the OCCA on December 13, 2019.  Dkt. # 12-4, at 1-3.  But, as previously stated, Allen has some burden to show that § 2244(d)(1)(D) provides him a later commencing limitations period.  Allen does not even attempt to meet that burden.  Allen does not identify the new evidence he purportedly discovered to support one or more of these claims, does not specify when he purportedly discovered the new evidence, does not indicate which claims rely on the new evidence, and does not allege any facts suggesting he exercised reasonable diligence in discovering the new evidence.  The Court thus finds that Allen has not shown that § 2244(d)(1)(D) provides a later commencing limitations period.  Instead, Allen's limitations period is provided by § 2244(d)(1)(A) and, as previously discussed, the petition is untimely under that subsection.

### C.

Third, Allen has not shown that his limitations period should be tolled for equitable reasons.  A petitioner who seeks equitable tolling bears a "strong burden" to identify specific facts establishing (1) that he diligently pursued his federal claims and (2) that extraordinary circumstances prevented him from filing a federal habeas petition before the one-year limitations period expired.  Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008).  As previously stated, Allen asserts without explanation that his claims rely on "newly discovered evidence," and he did not file a response to the motion to dismiss to explain his position on timeliness after respondent raised the statute of limitations defense.  Nonetheless, as respondent notes, Allen's petition repeatedly references that Allen did not understand where to file his petition and that he relied on bad advice from a "law clerk" when he filed the prior petition in the "wrong district."  Dkt. # 12, at 6-8; Dkt. # 1, at 5-9.  Liberally construing Allen's petition as asserting an argument for equitable

tolling, the Court finds that Allen has not met his burden to show either reasonable diligence or extraordinary circumstances. Even for a self-represented prisoner, "ignorance of the law . . . does not excuse prompt filing" of a federal habeas petition. Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) (quoting Fisher v. Johnson, 174 f.3d 710, 714 (5th Cir. 1999)). And "[t]he fact that an inmate law clerk was assisting in drafting the [prior] petition does not relieve [Allen] from the personal responsibility of complying with the law." Id.

Moreover, even if the Court could consider Allen's circumstances extraordinary, nothing in the record supports that Allen diligently pursued his claims. To be fair, Allen promptly raised his claims in the petition he filed in April 2021. But the federal district court dismissed that petition because Allen had not yet exhausted available state remedies as to all claims. Dkt. ## 12-6, 12-8. And, in recommending dismissal of that petition, the federal district court advised Allen of the one-year limitations period and stated that "if [Allen] promptly returns to state court to exhaust administrative remedies, statutory tolling of the limitations period may be available." Dkt. # 12-6, at 10. But, as respondent contends, Allen did not promptly return to state court. Instead, after the federal district court dismissed the prior petition on November 30, 2021, Allen filed nothing in state court, and he waited more than one year to file the instant petition raising the same four claims he asserted in the prior petition. Dkt. # 12, at 8. Under the circumstances of this case, the Court thus finds that equitable tolling is not warranted.

**III.**

For the reasons just discussed, 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations bars relief as to the claims Allen asserts in the petition. The Court therefore dismisses the petition for writ of habeas corpus, with prejudice. And, because Allen's noncompliance with the statute of

7

limitations constitutes a plain procedural bar, the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253(c); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

IV.

**IT IS THEREFORE ORDERED** that: (1) respondent's motion to dismiss filed June 23, 2023 (Dkt. # 11) is **granted**; (2) the petition under 28 U.S.C. § 2254 for writ of habeas corpus by a person in state custody filed February 16, 2023 (Dkt. # 1) is **dismissed with prejudice** as barred by the applicable statute of limitations; (3) a certificate of appealability is **denied**; and (4) a separate judgment of dismissal shall be entered herewith.

**IT IS FURTHER ORDERED** that the Clerk of Court shall note on the record the substitution of David Rogers, Warden, in place of Luke Pettigrew as party respondent.

**DATED** this 1st day of March, 2024.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE